*White*
*v.*
*Webster.*

*Plaintiffs nonsuit.*

---

JESSE EMERSON *versus* The Inhabitants of NEWBURY.

Under *St.* 1786, *c.* 81, § 4, which provides, that when the sum appropriated and assessed for the repair of the highways in the limits of any particular surveyor shall be insufficient for that purpose, it shall be lawful for him " with the consent of the selectmen " to make additional expenditures, to be repaid out of the town treasury, a ratification by the selectmen after the expenditures have been made, will bind the town to repay the surveyor.

If after a vote by a town not to defend an action brought against it, the selectmen nevertheless make a defence, they are not competent witnesses in the action, for they are bound to indemnify the town against the costs of the defence.

The plaintiff claimed $ 77·74, and in the Common Pleas the defendant brought $ 12 into court under the common rule. The plaintiff there recovered $ 5 beyond the sum brought in, and appealed to this Court, where he recovered $ 72·74. *Held,* that he was entitled to a certificate that he had reasonable cause to appeal, so as to authorize the taxation of his full costs.

ASSUMPSIT for services rendered and money paid by the plaintiff as surveyor of highways in Newbury, over and above the sum raised by the defendants for repairs of highways. Trial before *Putnam* J.

The claim was for $ 77·74, and at the Court of Common Peas the sum of $ 12 was brought into court, under the common rule, and taken out by the plaintiff. The plaintiff recovered $ 5 beyond the sum brought in, and thereupon he appealed ; and in this Court he recovered $ 72·74.

The plaintiff moved for a certificate for full costs ; to which the defendants objected, because at the trial in the Common Pleas two of the selectmen of Newbury were examined as witnesses, who were rejected in this Court, and the Court here have not the means of judging whether there was or was not reason for appealing. The parties agreed

32 *

that the whole Court should decide whether, undei the statute, a certificate ought or ought not to be granted.

At the trial in this Court the defendants offered the three selectmen as witnesses. The plaintiff objected on the ground of interest, arising as follows. The town, at a legal meeting, voted not to employ any agent to defend the action ; and the selectmen employed the counsel ; and they resolved to continue to do so, and upon their own responsibility to defend the suit, notwithstanding the vote of the town to the contrary. These witnesses were rejected.

There was no evidence that the plaintiff made any application to the selectmen before the work was done and the expenditures made ; but it was proved that they afterwards promised to pay the plaintiff ; and it was shown that the work and expenditures were reasonable and necessary and upon a sudden emergency. The jury were instructed, that the subsequent ratification and promise were equivalent to a previous consent of the selectmen.

*Nov. 11th,*
*1831.*
*Saltonstall* and *Moseley*, for the defendants, cited to the point that the action could not be sustained, *St.* 1786, *c.* 81, § 1, 8, 11 ; *Jones* v. *Lancaster*, 4 Pick. 149 ; — that the selectmen were competent witnesses, *St.* 1786, *c.* 81, § 11 , 2 Stark. Ev. 744 ; *Phillips* v. *Bridge*, 11 Mass. R. 242 ; *Case* v. *Reeves*, 14 Johns. R. 79 ; *Bent* v. *Baker*, 3 T. R. 27 ; *E. I. Company* v. *Gosling*, Bull. N. P. 289 ; — and that a certificate for costs should not be given, *St.* 1822, *c.* 79, § 4.

*Choate* and *Marston*, *contrà*, cited, as to the ratification by the slectmen, *Shaw* v. *Nudd*, 8 Pick. 9 ; *First Parish in Sutton* v. *Cole*, 3 Pick. 246 ; *Belfast* v. *Leominster*, 1 Pick. 123 ; — as to the competency of the selectmen as witnesses, *St.* 1792, *c.* 32 ; *Marland* v. *Jefferson*, 2 Pick. 240 ; 3 Stark. Ev. 1729 ; and as to a certificate for costs, *Godfrey* v. *Godfrey*, 1 Pick. 236.

*Nov. 8th.*
WILDE J. delivered the opinion of the Court. The plaintiff's demand is founded on the 4th section of *St.* 1786, *c.* 81, which provides " that when the sum appropriated and assessed for the repair of the highways and town-ways, in the limits of any particular surveyor, shall not fully answer, or be insufficient for that purpose, it shall be lawful for the sur-

veyor, with the consent of the selectmen, or the major part
of them, where such deficiency happens, to employ such
of the inhabitants of the town, upon the repair of the ways in
his limits, as shall make up that deficiency ; and the persons
thus employed shall be equitably paid out of the town treas-
ury therefor."

There was no evidence produced at the trial, that the
plaintiff, who was one of the surveyors in the defendant town,
made any application to the selectmen before the work was
done ; but it was proved that they promised to pay for it
afterwards, and it was also proved that the work and expen-
ditures claimed were reasonable and necessary, and upon a
sudden emergency.

On this evidence the jury were instructed, that the subse-
quent promise and ratification was equivalent to a previous
consent of the selectmen ; and we consider this instruction
as manifestly correct.

The statute does not require in terms, that the consent
of the selectmen should be first obtained before the work
was to be undertaken and done ; it must be done with the
selectmen's consent ; but whether the consent be given be-
fore or after the repairs are made, would seem to be quite
immaterial.    The section is a beneficial provision for the pub-
lic safety and convenience, and is to receive a liberal con-
struction.    And besides, no principle is better settled than
that delivered to the jury, that the subsequent ratification and
adoption of an act, after it is done, is equivalent to a previous
consent thereto.    *First Parish in Sutton v. Cole*, 3 Pick.
246 ; *Shaw v. Nudd*, 8 Pick. 9.

We are also of opinion, that the selectmen were not com-
petent witnesses, as the verdict might be given in evidence
against them, to show the amount of costs recovered in this
suit, for which, upon the facts reported, they would be bound
to indemnify the town, after the vote not to employ any
agent or agents to defend this action.

We think it also very clear, from the results of the trials in
the Court of Common Pleas and in this Court, that the plain-
tiff had a reasonable cause for appeal, and that he is entitled
to a certificate so as to authorize the taxation of his full costs.

*Judgment on the verdict.*